Wakdlaw J.
delivered the opinion oí the Court.
In England the bail bond is intended for the sheriff’s security: the condition is, that the defendant shall appear; that is, put in and perfect bail above in due time. If the condition be not performed by the principal, cither the sheriff or the bail below has the right, without the consent of the principal, to enter the bail above, and thus discharge the bail bond, and obtain delay and the right of rendering the principal. If the bond be forfeited for want of bail above, no matter how solvent may be the sureties taken by the sheriff', the plaintiff’ is not bound to accept the bond, but at his pleasure, may proceed against the sheriff, by a rule for him to return the writ and bring in the body of the defendant; and the sheriff has his recourse in the bond against the obligors in it. But if he will, the plaintiff may take an assignment of the bond and proceed against the bail below, and by so doing he makes a conclusive election, whereby he is *307 precluded from either continuing the original action, or proceeding against the sheriff.
Oí’ course, no action can be there maintained against the sheriff for taking insufficient sureties to the bail bond; for the plaintiff entirely disregarding the bond, may hold the sheriff liable to attachment for not having the body.
Bail above then become bound by recognizance, that the principal will pay the condemnation and costs, or render himself to the prison, or that they will so pay or render him. Their sufficiency is established by a judicial proceeding, which precludes all further inquiry. They acquire the right of rendering the principal in discharge of themselves at any time before a return of non eat inventus, or a ca. sa. against the principal, which time is by favor enlarged to any time before the expiration of the term next following the return of process against themselves after the return of the ca. sa: and they incur a liability to pay, after being once absolutely fixed, the whole amount of the recovery against their principal. After they have been fixed, the plaintiff, at his election, may proceed against them either by scire facias, or by action of debt on their recog ni-zanc.e. The former course is preferable, where service of process on them cannot be had, or is not desired. The latter is in general the better remedy, because the proceeding is more easily conducted and with less risk of variance; because by it interest on the whole former recovery, may be had by way of damages for detention of the debt, whereas by the sci.fa., effect is given to the recovery only as it was had; because the costs of this proceeding against the bail must be paid by the bail# if there be a stay at any stage on condition of the debt and costs being paid, whereas in sci. fa. costs are not allowed unless there has been a plea or demurrer; and because in the common pleas, a ca. sa. docs not lie on a judgment in sci. fa. against bail, but does on a judgment in debt; (Petersdorff on Bail, 362.)
The practitioner here will perceive that in various important particulars, contained in this summary view of the English law of bail, the law of this State, under our statutes and proceedings, is widely different; (see the statutes cited in Glover v. Gomillion, 2 Rich,, 554, and the cases of Teasdale v. Kennedy, 1 *308 Bay, 322; Douglass v. Wight, 2 Brev., 218; Lopez v. Antonio, 4 M’Cord, 175; The Treasurers, v. Barksdale, 1 Hill, 272; Saunders v. Hughes, 2 Bail., 513; Harwood v. Robertson, 2 Hill, 336; Chiswell v. Elzy, Rice’s L. R., 29; Jarvis v. Alexander, Cheves, 143; Ancrum v. Sloan, 1 Rich., 577; and the cases cited in these, for a general view of the alterations here made in the common law, and the British Statutes which were made of force in 1712.)
Here the sureties taken by the sheriff, although their obligation is, in its form and the mode of assigning; it, like a bail bond in England, undertake, not for the appearance of the principal by entry of recognizance of bail, but having the rights of bail above, are bound to the same intent as such bail. No action against the bail will lie until they have been fixed, and until then no proceeding against the sheriff can be had. Even after the bail have been fixed, the sheriff is not of course liable; for although no judicial proceeding, like the justification of bail, may have been had which should preclude inquiry into the sheriff’s previous acts, the bail having by operation of law been vested with the rights of bail above, upon breach of the correlative duty imposed upon them, the sheriff is not answerable upon the ground that sureties taken for his benefit have failed to perform their engagement, but if liable at all, is liable upon the ground of his own breach of duty, in that he wilfully or negligently took insufficient persons.
Whether after the breach of their duty has been ascertained by proceedings to fix the bail, the plaintiff is bound first to pursue the bail before he can resort to the sheriff, or whether if he can otherwise make their insufficiency and the sheriff’s breach of duty appear, he may without further delay pursue the sheriff it is unnecessary now to decide. Certain it is, that by pursuing the bail and giving that best evidence of their insufficiency, the inefficacy of final process against them, the plaintiff does not waive his right against the sheriff, unless the sheriff be thereby injured or deprived of some advantage. If by any delay or irregularity in proceeding against the bail, the plaintiff fail to obtain from them the satisfaction which otherwise might have *309 been had, the sheriff is not discharged, but a case is shown in which no liability attached to him.
If the plaintiff, without taking an assignment of the bail bond, proceed against the bail by sci.fa., and a Ji. fa. against the bail be returned nulla bona, it is admitted in the argument here, that the liability of the sheriff, if it had existed, is not thereby discharged: the sheriff cannot complain that the same insufficiency of the bail, which existed when he took the bond, has been shown to have existed when the plaintiff had the right to proceed against them.
It seems to have been decided, (2 Brev. Rep., 218,) that there may be a sci. fa. against bail, under our practice, without an assignment of the bond; but our cases before cited, and familiar practice show, that an assignment does not vitiate the sci.fa. A sci.fa. is a proceeding on matter of record; in a sci.fa. against bail, the bail bond as well as the judgment against the principal, must be set out; the sci.fa. was given by the Act of 1785, before bail to the sheriff were vested with the rights of bail above: neither that Act, nor the Act of 1839, in its directions concerning bail bonds, nor any other part of our legislation, has made the bail bond any part of the record in the original case, or even provided for its being filed in the Clerk’s office, or for the sheriff in any return specifying of it more than the names of the sureties, or for his disclosing other particulars concerning it, until he turns it over to his successor in office. These propositions seem to show that there is a violation of symmetry at least, in our allowing a proceeding by sci.fa. upon the bail bond whilst it remains in the sheriff’s hands; and it can surely be no objection to the proceeding that the bond has been assigned to the plaintiff so that it may be exhibited along with his judgment against the principal.
If a sheriff should refuse the use of the bond to a plaintiff who desired without assignment to see a sci.fa., I will not say that the Court might not by some summary proceeding compel the sheriff to do what justice and his official duty required: but a consideration of the plain remedy which an action against the sheriff, for not assigning the bond upon demand, might afford, seems to show that a demand of an assignment would be the *310 plaintiff’s proper course, and that by accepting the assignment demanded, he should not lose, any right, when he could take no step either against the bail or against the sheriff, without having the bond.
But it has been argued, that by taking the assignment, the plaintiff deprives the sheriff of a rcmer.hg which, after recovery against him, the sheriff might otherwise leave had against the principal and bail on their bond; and that thus an election is made, which precludes the plaintiff from afterwards insisting on the sheriff’s liability.
If this be so, and it be proper that, sci. fa. against bail be brought without an assignment of the bond, then in all cases of proceeding against bail, where a chance of resort to the sheriff is to be saved, the plaintiff must waive his action of debt, which cannot be brought without an assignment of the bond. But that action has with us in most cases some of the advantages, which in England it has over the proceeding by sci. fa., especially in respect to the recovery of interest in those parts of the former judgment, whi ch did not, under our statutes, continue to bear interest after judgment; and our decisions recognize the right of a plaintiff to choose between the two remedies, sci. fa., and action of debt, regarding the latter, although in name and some particulars like the action of debt on bail bond in England, as in substance an action like debt onrecognizanccof bail there. Whenaplaintiff here brings debt he makes simply this choice of remedies, one of which bars the other, but he does not choose between resort to the bail and recourse to the sheriff; for the sheriff is not liable at all, unless he have violated his duty; the bail may be insufficient, and yet the sheriff not be liable; and so it is not a case where, without showing something more, the plaintiff may go against the bail or the sheriff one or the other as he will. But if the plaintiff should recover his debt from the sheriff an d afterwards the principal or bail, by acquisition of fortune or by return from abroad, or being pursued into foreign parts, should be able to meet the recovery, ought not the sheriff to have the benefit of the bond of which he has been deprived by the assignment?
The case of Lopez and Antonio, decided that a bail bond *311 might be assigned by the successor of the sheriff to whom it was made payable; and the Act of 1839, passed since that case was decided; provides that bail bonds shall be made payable to the shcrifl and his successors, and shall be turned over by the sheriff to his successor. These provisions show, that with us the bond is considered to be taken rather for the benefit of the plaintiff, than of the sheriff. But it is taken in the sheriff’s name; and an action at common law could lie in his name upon breach ofthe condition. When could he sue? Not until the breach could be shown, that is, not until the bail had been fixed by the plaintiff: and if in doing or attempting this, the plaintiff should be dilatory or unskilful to the sheriff’s injury, as said before, the sheriff’s liability would be disproved. After the bail have been fixed, the plaintiff having taken an assignment of the bond, may recover upon it; that is, setting out the bond and the assignment to show his right to sue in this form, and setting out the breach of duty by the bail, he may recover the damages which that breach has occasioned to him—the amount of his judgment of which he would have had satisfaction, had principal or bail paid or surrendered. But if the sheriff have paid nothing, an action against the bail in his name for the benefit of the plaintiff, would be a strange proceeding, and one, for the benefit of himself, would be stranger. What damages could he be entitled to? If he had done his duty, no inj ury to him would have resulted from the default of the bail. If for breach of his duty, recovery had been had against him, that recovery would be to the extent of the damage occasioned by his misconduct—not necessarily the amount of the original debt. A payment made by him, on account of such misconduct, would raise no implied assumpsit to refund him, against cither principal or bail, independent of the bond; and at law such a recovery would be no bar to a subsequent satisfaction sought by the plaintiff, from either principal or bail. But if the recovery against the sheriff should be to the extent of the liability incurred by the bail under their bond, and the sheriff should pay, there seems no reason why in an action on the bond, in his own name and for his own benefit, the sheriff should not, if the bail have been fixed, and there *312 have been no fraudulent collusion between him and them, recover back the sum paid by him—not under any liability arising from his payment, but under the express contract contained in the bond: and if a recovery by the plaintiff have already been had on the bond, or by sci. fa. against the bail, the sheriff may have an equity to claim for his remuneration the right to use this recovery, as also the original judgment against the principal.
In an action against the sheriff, the jury would have a right, in estimating the damages occasioned by his misconduct, to consider the value, which either the judgment against the principal or that against the bail might be of to the plaintiff, and the whole debt could be had from the sheriff only by proof that these were of no value. To an objection of the probalde productiveness of their judgments, which the sheriff might make, the plaintiff might answer by an offer to assign their judgments, and (if need be) to reassign the bond to the sheriff. As this would be a conclusive answer to the objection, the failure of the plaintiff to make the assignment might be evidence against him, and the sheriff’s admission of the worthlessness of the judgments might be argued from his failure to require the assignments. If assignments by the plaintiff should be thus required and made, complete justice would be done: the sheriff, if he have made default, would answer to the full extent of the damages thereby occasioned to the plaintiff, and himself have all the benefits, which could result from the security he had taken.
The order for non-suit, which was granted, because the plaintiff had taken an assignment of the bond, seems to the Court to have been wrong, and is set aside; and the case is sent back for further trial.